**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1504-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RODNEY SMILEY, a/k/a
FOO SMILEY,

    Defendant-Appellant.

_____

Submitted June 3, 2025 – Decided July 25, 2025

Before Judges Sumners and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 15-10-2434.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Marisa D. Pescatore, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rodney Smiley appeals a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. He contends:

> POINT I
>
> TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO ENSURE THAT HE HAD A DNA EXPERT READY TO TESTIFY OR, BARRING THAT, IN FAILING TO REQUEST AN ADJOURNMENT IN ORDER TO OBTAIN SUCH AN EXPERT.
>
> POINT II
>
> TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT WHEN THE JUDGE INSTRUCTED THE JURY ON THE CHARGE OF FIRST-DEGREE WITNESS TAMPERING, ALTHOUGH [DEFENDANT] HAD ONLY BEEN INDICTED ON THE SECOND-DEGREE OFFENSE.

We affirm.

To resolve the issues raised in this appeal, we need not discuss at length the trial evidence, which is detailed in our thirty page unpublished opinion affirming defendant's convictions for first-degree witness tampering, second-degree unlawful possession of a weapon, and second-degree certain persons not to possess a weapon, as well as defendant's aggregate thirty-five-year prison term with an eighteen-year parole disqualifier. State v. Smiley, No. A-1648-18

2

(App. Div. Dec. 22, 2021), certif. denied, 250 N.J. 268 (2022). We instead limit our focus to defendant's contentions on appeal.

To provide an effective defense to the weapons charges, defendant argues his trial counsel failed to conduct reasonable pretrial investigations by not "ma[king] . . . [a timely] effort to learn about the background of the DNA expert, Arthur Young, who had been retained by his predecessor" but was "barred from testifying in New Jersey," and by not retaining another trial expert. He claims a defense expert was needed to challenge the State's DNA expert, who could not make a positive "identification for [the] specimen" found on the handgun concealed in his girlfriend's car, which he was driving the day the victim was shot and killed. Claiming DNA evidence was a "'pivotal' part of the State's case," defendant argues it is "extremely likely that a different expert would have been able to point out the possible ways in which samples can become contaminated during collection, storage, and/or testing." Defendant argues an evidentiary hearing is warranted so that trial counsel can explain why he did not retain an expert to defend against the State's DNA evidence. He disputes the PCR judge's finding that trial counsel exercised a strategic decision in not presenting a DNA expert, arguing "[n]o conclusion by the judge as to what counsel's motives might have been can be supported in the absence of an

evidentiary hearing at which counsel would be called to testify about the entire issue."

It is well-settled that a trial counsel has "the duty . . . to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty." State v. Russo, 333 N.J. Super. 119, 139 (App. Div. 2000) (internal quotations and citation omitted). To establish that counsel has not conducted a proper investigation, a defendant "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (citing R. 1:6-6).

We agree with the PCR judge that defendant has not provided a certification or affidavit alleging new facts about the DNA evidence advantageous for his defense that an investigation would have revealed. Thus, the judge correctly determined defendant did not satisfy the first prong of the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient.

Defendant asserts it was "extremely likely that a different expert" would have been able to undermine the State's expert testimony. However, he proffers

no expert certifying to the veracity of this assertion. He merely points to Young's report, which states that swab 40, the DNA taken from the gun, "is a partial profile but consistent with a single male individual," and avers that an expert "presumably" would have testified to Young's finding. However, such testimony would have been insignificant given the jury was told by the State's expert that this sample was a "partial profile." Defendant thus fails to assert facts that further investigation would have uncovered let alone how they would have aided his defense. His claim amounts to a bald assertion which does not demonstrate counsel's performance fell below an objective level of reasonableness. See Cummings, 321 N.J. Super. at 170 (recognizing a defendant "must do more than make bald assertions that [they were] denied the effective assistance of counsel").

Even without a defense expert, trial counsel effectively addressed the DNA evidence. He soundly challenged the DNA evidence when his effective cross-examination of the State's expert established the DNA equivalent to the findings in Young's report. As to swab 40, Young concluded "there just wasn't a lot of the DNA there to begin with and that's why . . . the profile is partial," which, in practical terms, meant the "statistical evaluation [matching it with defendant] goes down."

Indeed, the DNA evidence from swab 40 was not "pivotal" to the State's case. As the PCR judge stressed, defendant's girlfriend testified defendant "owned and possessed" a handgun that he concealed in her car, which he was driving the day of the shooting. While she equivocated on whether it was defendant she saw in the surveillance video getting out of her car at the shooting, the jury was thoroughly charged on how to assess her credibility and out-of-court statements. Therefore, even assuming counsel's performance was deficient, defendant did not satisfy the second prong of the Strickland test, that but for the deficient performance, the jury's verdict would have been different. See Strickland, 466 U.S. at 687. Defendant makes no showing that had counsel conducted a more effective investigation and presented expert DNA testimony, he could have been found not guilty.

We next address defendant's claim that trial counsel was ineffective for failing to object to the trial court's amendment of the witness tampering charge from second to first degree. Defendant contends the "record does not disclose when or how the judge made the determination to instruct as to the first-degree offense." Citing State v. Dorn, 233 N.J. 81, 95-96 (2018), he argues an amendment may not charge a more serious offense nor alter an essential element of the grand jury function, such as the degree of a crime charged. Trial counsel,

according to defendant, was ineffective for not arguing that the amendment to a first-degree offense prejudiced defendant because of the lengthier maximum sentence with a second-degree offense, which is ten years versus five years, respectively. See N.J.S.A. 2C:43-6(1) & (2).

Based on our de novo review, State v. Aburoumi, 464 N.J. Super. 326, 338-39 (App. Div. 2020), the PCR judge was correct in ruling that the amendment of the witness tampering charge from second to first degree was permissible. Rule 3:7-4 provides that an indictment can be amended:

> The court may amend the indictment or accusation to correct an error in form or the description of the crime intended to be charged or to charge a lesser included offense provided that the amendment does not charge another or different offense from that alleged and the defendant will not be prejudiced thereby in [their] defense on the merits. Such amendment may be made on such terms as to postponing the trial, to be had before the same or another jury, as the interest of justice requires.

Our Supreme Court has addressed numerous circumstances where amending an indictment was deemed to be appropriate. See, e.g., State v. Pennington, 119 N.J. 547, 595 (1990) (overruled on other grounds by State v. Brunson, 132 N.J. 377 (1993)) (finding that the amendment was one of form and that it did not unduly prejudice the defendant because it did not change his defense strategy); State v. Orlando, 269 N.J. Super. 116, 139 (App. Div. 1993)

7

(allowing amendment to change the charged offense to one that included a firearm when the indictment clearly referred to a "shotgun"); State v. Lopez, 276 N.J. Super. 296, 307 (App. Div. 1994) (allowing amendment of the indictment "to add the pistol and knife to the description of the deadly weapon").

In affirming defendant's conviction for first-degree witness tampering on direct appeal, we held that

> because defendant declined to object to the jury instructions directing the jury to consider whether he was guilty of first-degree witness tampering and not second-degree witness tampering as charged, or to the jury's verdict for first-degree witness tampering, he has waived the argument that he should have been convicted and sentenced for second-degree witness tampering. See State v. Del Fino, 100 N.J. 154, 160 (1985) ("[A]ll defenses and objections based on defects in the institution of the proceedings or in the indictment must be raised before trial. Except for good cause shown, failure to present any such defense constitutes a waiver."); see also State v. Laws, 262 N.J. Super. 551, 562 (App. Div. 1993) (providing that arguments about the grand jury must be raised at trial).
>
> [Smiley, slip op. at 25.]

Nevertheless, we further held that regardless of the lack of an objection to the jury instructions, "the first-degree witness tampering conviction was justified given the facts of the case." Ibid. We reasoned that based on the statutory definition of first-degree witness tampering under N.J.S.A. 2C:28-5 and the trial

evidence, the trial judge had a legal basis to upgrade the charge from second-degree witness tampering and instruct the jury accordingly.  Id. at 25-26.  We concluded:

> There is no question that defendant's alleged threats to [his girlfriend] occurred in connection with her cooperation with a murder investigation.  Based on the evidence presented and its credibility findings, the jury had a basis to find defendant guilty of first-degree witness tampering.  See State v. Warmbrun, 277 N.J. Super. 51, 60 (App. Div. 1994) (holding that once the jury convicts, its verdict establishes probable cause to indict, and a purported error in the indictment is rendered harmless.).
>
> [Smiley, slip op. at 26.]

Having decided that amending the charge to first-degree witness tampering was not error, defendant is barred from any further appeal of the issue under Rule 3:22-5, which provides "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings." See also State v. McQuaid, 147 N.J. 464, 484 (1997) (alteration in original) (quoting State v. Preciose, 129 N.J. 451, 476 (1992)) ("[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review.")  Thus, defendant did not suffer

9

any prejudice by trial counsel's failure to object to the first-degree witness tampering jury charge. And therefore, we reject defendant's request that we exercise original jurisdiction and revise the conviction to second-degree witness tampering or remand the matter so that the trial court may do so.

Because we agree with the PCR judge that defendant failed to establish a prima facie case of ineffective assistance of counsel, we conclude there was no abuse of discretion in denying defendant's request for an evidentiary hearing. See Preciose, 129 N.J. at 462; see also State v. Porter, 216 N.J. 343, 354 (2013) (holding an evidentiary hearing need only be conducted if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record).

To the extent we have not addressed any of defendant's arguments, we conclude they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division